**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **CRANDALL O POSTELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.1:24-CV-184(LAG)** |
| ) | |
| **STATE FARM FIRE AND CASUALTY** ) | |
| **COMPANY,** | |
| ) | |
| **Defendant.** ) | |
| ) | |

**RULES 16 AND 26 ORDER**

**This Order, and the attached Proposed Scheduling and Discovery Order Form, must be carefully read. This Order and the attached Proposed Scheduling and Discovery Order Form are amended from time to time. This document includes the latest revisions.**

Counsel and parties not represented by counsel should read Rules 16 and 26 of the Federal Rules of Civil Procedure and this Court's Local Rules. The Local Rules are available on the Court's web site (www.gamd.uscourts.gov) and may be obtained from the clerk's office. Counsel and parties not represented by counsel must abide by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules during the course of this litigation.

Any nongovernmental corporate party that has failed to timely file its disclosure statement in accordance with Rule 7.1 of the Federal Rules of Civil Procedure must immediately file its statement. A supplemental statement must be filed upon any change in the information that the statement requires.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26,

the parties are ordered to confer (the "Rule 26 Conference) within **20 days** of the date of this Order, and to develop a Proposed Scheduling and Discovery Order (the "Proposed Order," attached hereto) in accordance with Rule 16(b) of the Federal Rules of Civil Procedure.  The Proposed Order must be submitted to the Court within **30 days** from the date of this Order. The Proposed Order must comply with the CM/ECF Administrative Procedures and be e-mailed in word processing format to the appropriate division Clerk's Office mailbox via the Court's internet site (www.gamd.uscourts.gov). A copy of the Proposed Order must also be served upon each party. The parties are instructed to **NOT** e-file the Proposed Order.

If the parties cannot agree on the Proposed Order, the parties must state their differences and specify their positions in the Proposed Order. If a party does not cooperate in preparing the Proposed Order, notify the Court immediately by contacting Marcia Alvarez Benavidez, Courtroom Deputy, at Marcia_AlvarezBenavidez@gamd.uscourts.gov.  Failure by counsel or parties not represented by counsel to cooperate in the preparation and filing of the report may result in sanctions.  Failure to cooperate during discovery or comply with any order of the Court may result in dismissal of the case, default judgment, or other sanctions.

The Proposed Order must include time limits for the items addressed in Rule 16(b)(3)(A); the anticipated scope of discovery; the name, address, e-mail address, and telephone and facsimile number of lead counsel for each party; any issues about electronically stored information and claims of privilege; and the date the complaint was filed and the date the complaint was answered.  The Proposed Order may be amended to include such other matters as the parties deem appropriate, such as in actions governed by Rule 23 of the Federal Rules of Civil Procedures.

The Proposed Order will be carefully considered and, subject to such changes as may be deemed appropriate, either adopted by the Court or discussed with counsel in person or by a conference call.  The Proposed Order must include page numbers as well as a date line and a signature line for the Court below the attorney's signature.

The initial disclosures required by Rule 26(a)(1) shall be served no later than the date of the submission of the Proposed Order to the Court.  The Court expects that, absent good cause shown, all discovery will be completed within 180 days from the submission of the Proposed Order to the Court.  No discovery request may be served unless the response to the request can be completed within the discovery period, and no discovery deposition shall be scheduled beyond the discovery period.  The Court considers requests for admission to be a discovery device subject to the discovery deadline.  Depositions to preserve testimony are not subject to the discovery deadline, but the failure to timely schedule such depositions shall not be grounds for continuance.

Any party who may use an expert witness at trial must disclose the expert early enough in the discovery period to give the opposing party the opportunity to depose the expert.  All expert witness disclosures must satisfy the requirements of Rule 26(a)(2)(B). A plaintiff designating an expert must disclose the identity of the expert within 90 days after the submission of the Proposed Order to the Court.  A defendant designating an expert must disclose the identity of the expert within 120 days after the submission of the Proposed Order to the Court.  The parties are reminded that a treating physician, depending on the subject matter of the physician's testimony, may be treated as an expert for purposes of disclosure of the physician's opinions and the admissibility of those opinions.  See *Wilson v. TASER International, Inc.*, 303 Fed. Appx. 708 (11th Cir. 2008); *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312 (11th Cir. 2011).

The parties have a continuing duty to supplement all disclosures and responses in accordance with Local Rule 26(e) and the Federal Rules of Civil Procedure.

All evidence produced by a party in response to a discovery request made under the Federal Rules of Civil Procedure is deemed to be authenticated, and no other proof of authentication for admission at trial is necessary, unless the producing party specifically notes in writing and contemporaneously with production of the evidence why the presumption of authentication should not apply. This, in no way, affects the ability of a non-producing party to challenge the authenticity of any evidence. Initial discovery disclosures produced under Rule 26(a) of the Federal Rules will not be deemed authenticated unless designated in response to a discovery request. Substantive objections are not waived by said production.

All dispositive motions must be filed within 30 days of the close of discovery.  All briefs in support of a motion for summary judgment, response briefs and reply briefs must conform to the standards set by Local Rules 7.2, 7.3 and 7.4.  The Court relies heavily on the parties' statements of facts required by Local Rule 56.  Generally, facts should be presented in chronological order.

If counsel or a party not represented by counsel believes that it would be appropriate to have a telephone or live conference with the Court to discuss the Proposed Order, please email Ms. Alvarez Benavidez, Courtroom Deputy, at Marcia_AlvarezBenavidez@gamd.uscourts.gov to request a conference. When contacting the Courtroom Deputy, the email should include a concise statement of the issue(s) and a summary of each party's position. The Court may also schedule a conference if it deems one appropriate after reviewing the Proposed Order.

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must request by email a conference with the Court.  *See* Fed. R. Civ. P. 16(b)(3)(B)(v). When contacting the Courtroom Deputy, the email should include a concise statement of the issue(s) and a summary of each party's position. Should a party determine that there is a basis to file a motion to compel, a request for a conference must be made by email to the Courtroom Deputy within 21 days of date on which the response(s) would be due under FRCP, or within 21 days of receipt of an allegedly unresponsive/inadequate response/production, and not later than 21 days after the close of discovery, whichever occurs first.

If any party requests a modification to the Discovery and Scheduling Order, including a request for an extension of time for filing motions, pleadings, responses, or other documents, beyond that granted by the Clerk or his deputy when permitted without leave of Court, the party must do so by written motion no later than five (5) business days before the expiration of any extension granted by the Clerk or before the expiration of the time period sought to be extended, whichever applies. This motion shall state why an additional extension is needed.  However, prior to requesting an extension of any deadline set forth in the Discovery and Scheduling Order, counsel for the parties shall confer regarding the proposed extension.  The motion should indicate whether the non-moving party consents or objects to the requested modification. Despite any extension or modification that may be granted, the parties are directed to act expeditiously in a good faith effort to complete discovery as scheduled.

Do not send courtesy copies of letters, motions, or briefs to the Court.

**The parties must submit a report on the status of discovery 120 days after the Scheduling and Discovery Order is filed**.  The report should summarize the status

of both written discovery and depositions. The report should also address any expert discovery issues. Counsel and any party not represented by counsel must cooperate in the preparation of the report. The report may be filed jointly or separately.

If any party believes good cause exists for delaying the issuance of the scheduling order, the party should file the appropriate motion within **14 days** of the date of this Order. The motion should indicate whether the non-moving party consents or objects to delaying the issuance of the scheduling order.

If a defendant has filed a motion to dismiss, any party seeking a stay of discovery pending resolution of the motion should file the appropriate motion within **14 days** of the date of this Order. The motion should indicate whether the non-moving party consents or objects to the requested stay.

In the event of settlement, the parties must notify the Court immediately.

**SO ORDERED**, this 2nd day of December, 2024.


_____/s/ Leslie A. Gardner_____
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**